# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVIS DEEKS, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 4:17-CV-362 |
| JACK SOMMERS | : | (Judge Brann) |
| Respondent | : | |

## ORDER

MAY 16, 2017

**Background**

Travis Deeks, an inmate presently confined at the State Correctional Institution, Waymart, Pennsylvania (SCI-Waymart) filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Waymart Superintendent Jack Sommers. Petitioner challenges the calculation of his parole violator sentence by the Pennsylvania Board of Probation and Parole (Parole Board). Service of the Petition was previously ordered.

Respondent has filed a response to the petition and a supporting memorandum. Deeks thereafter filed a reply. Presently pending is Petitioner's motion seeking appointment of counsel. See Doc. 7.

Although pro se litigants have no "automatic" constitutional or statutory rights to appointment of counsel in a federal habeas corpus proceeding, a court does have broad discretionary power to appoint counsel under 18 U.S.C. § 3006A(a)(2). Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir. 1990); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Specifically, any person seeking relief under 28 U.S.C. §§ 2241 or 2254 may be provided counsel, "whenever the United States magistrate or the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2) (2011).

A court must consider several factors in deciding whether the "interests of justice require" the appointment of counsel for a petitioner in a habeas corpus proceeding, including the complexity of the factual and legal issues in the case and the pro se petitioner's ability to investigate facts and present claims. Reese, 946 F.2d at 263 (citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)); see also Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).[1]

---

[1] The Tabron court noted that "... the district court must consider as a threshold matter the merits." Tabron, 6 F.3d at 155. Next, if a claim has arguable merit, "ability to present his or her claim is, of course, a significant factor that must be considered in determining whether to appoint counsel." Id. at 156. If a litigant "with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to the appointing of counsel." Id. at 156.

Under Tabron, a district court's decision whether to appoint counsel in a civil rights action should be "informed" by a consideration of the following additional factors: the "difficulty of the particular legal issues;" "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation;" whether a case is likely to turn on credibility determinations; whether expert testimony is required; and whether the litigant is capable of retaining counsel on his or her own behalf. Id. at 156, 157 n. 5. The United States Court of Appeals for the Third Circuit has reiterated that the criteria developed in Tabron should be employed in addressing the appointment of counsel issue. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citation omitted).

With respect to federal habeas corpus actions, it has been held that there was no abuse of discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, see Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990), cert. denied, 499 U.S. 979 (1991), or the issues were "straightforward and capable of resolution on the record," Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions." LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

In this case, there appear to be no circumstances which warrant the appointment of counsel at this time. This Court's liberal construction of pro se pleadings, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972), coupled with Petitioner's apparent ability to litigate this action pro se, militate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, and the Court can not say, at least at this point, that Petitioner will suffer prejudice if he is forced to prosecute this case on his own. It is also noted that this matter is presently ripe for consideration.

Based upon those considerations, Deeks' motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the Petitioner.

**NOW, IT IS HEREBY ORDERED** that:

Petitioner's motion (Doc. 7) seeking appointment of counsel is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge